**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TRIANA ARNOLD JAMES, Plaintiff, | ) | |
| v. | ) | Civil Action No. 25-3187 (RBW) |
| KIM VILLANUEVA, et al., Defendants. | ) | |

# MEMORANDUM OPINION

The plaintiff, Triana James, proceeding pro se, brings this civil action against the defendants, the National Organization for Women, Inc. ("NOW") and eleven of its members.[1] See generally Notice of Removal, Exhibit ("Ex.") A Complaint for Declaratory Relief, Damages, and Injunctive Relief ("Compl.") at 5, ECF No. 1-2.[2] According to the Complaint, "[t]his action arises out of persistent and escalating acts of racism, harassment, defamation, and intentional infliction of emotional distress perpetrated by the leadership and members of [NOW] against [the p]laintiff." Id. ¶ 1. The Complaint alleges five counts: (1) "race discrimination in a membership organization" in violation of 42 U.S.C. § 1981, id. ¶¶ 16–19; (2) "harassment and hostile work environment[,]" id. ¶¶ 20–22; (3) "intentional infliction of emotional distress[,]" id. ¶¶ 23–24; (4) defamation, id. ¶¶ 25–26; and (5) "violation of nonprofit duty to members[,]" id. ¶¶ 27–29. Counts 1 to 3 are brought against all defendants, Count 4 is brought against the "individual defendants," and Count 5 is brought only against NOW.

[1] The plaintiff also named "ACT NOW and Staff, campaign committee" as a defendant. Compl. at 1. The Complaint contains no identifying information about who or what ACT NOW and Staff, campaign committee is and is devoid of any factual allegations implicating ACT NOW and Staff, campaign committee for any acts for which it can be found liable. The Court must therefore dismiss ACT NOW and Staff, campaign committee as a defendant.

[2] Citations to page numbers in the plaintiff's filings refer to the automatically court generated ECF page numbers.

Currently pending before the Court are (1) the Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) ("Defs.' Mot. to Dismiss Compl."), ECF No. 14; (2) the Defendants' Motion to Strike Plaintiff's Amended Complaint, or in the Alternative, Opposition to Motion for Leave to Amend ("Defs.' Mot. to Strike Am. Compl."), ECF No. 30; and (3) Defendants Toni Van Pelt and Crystal Peters's Motion to Dismiss Plaintiff's Amended Complaint ("Van Pelt and Peters' Mot. to Dismiss Am. Compl."), ECF No. 31.

Upon careful consideration of the parties' submissions,[3] the Court concludes for the following reasons that it must grant the defendants' motions to dismiss the Complaint and the Amended Complaint.

[3] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) ("Defs.' Mem in Support of Mot. to Dismiss Compl."), ECF No. 14-1; (2) the Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) ("Pl.'s Opp'n to Defs.' Mot. to Dismiss Compl."), ECF No. 17; (3) the defendants' Reply in Response to Plaintiff's Opposition to Defendants' Motion to Dismiss Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) ("Def.'s Reply in Support of Mot. to Dismiss Compl."), ECF No. 20; (4) the Plaintiff's Reply to Defendant's Reply in Response to Plaintiff's Opposition to Defendants' Motion to Dismiss Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) ("Pl.'s Sur-reply to Defs.' Mot. to Dismiss Compl."), ECF No. 21; (5) Defendants Toni Van Pelt and Crystal Peters's Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2), 12(b)(5) and 12(b)(6), ECF No. 23 ("Van Pelt and Peters' Mot. to Dismiss"); (6) the Plaintiff's Response to Defendants Toni Van Pelt and Crystal Peters's Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2), 12(b)(5) and 12(b)(6), ECF No. 24 ("Pl.'s Opp'n to Van Pelt and Peters' Mot. to Dismiss"); (7) Defendants Van Pelt and Peters' Reply in Response to Plaintiff's Opposition to Defendants Van Pelt and Peters's Motion to Dismiss Complaint Pursuant to 12(b)(2), 12(b)(5), and 12(b)(6) ("Van Pelt and Peters' Reply in Support of Mot. to Dismiss"), ECF No. 27 ("Van Pelt and Peters' Reply in Support of Mot. to Dismiss"); (8) the Plaintiff's Response to Defendant's Reply in Response to Plaintiff's Opposition to Defendants Van Pelt and Peters's Motion to Dismiss Complaint, ECF No. 28; (9) the Amended Complaint for Declaratory Relief, Damages and Injunctive Relief ("Am. Compl."), ECF No. 29; (10) the defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Strike Plaintiff's Amended Complaint, or in the Alternative, Opposition to Motion for Leave to Amend ("Defs.' Mem in Support of Mot. to Strike Am. Compl."), ECF No. 30-1; (11) Defendants Van Pelt and Peters' Memorandum of Points and Authorities in Support of Defendants Van Pelt and Peters's Motion to Dismiss Plaintiff's Amended Complaint ("Van Pelt and Peters' Mem. in Support of Mot. to Dismiss Am. Compl."), ECF No. 31-1; (12) the Plaintiff's Response in Opposition to Defendants' Motion to Strike Plaintiff's Amended Complaint or, in the Alterative, Opposition to motion for Leave to Amend ("Pl.'s Opp'n to Defs.' Mot. to Strike Am. Compl."), ECF No. 32; (13) the Plaintiff's Response in Opposition to Defendants Toni Van Pelt and Crystal Peters's Motion to Dismiss Plaintiff's Amended Complaint ("Pl.'s Opp'n to Van Pelt and Peters' Mot. to Dismiss Am. Compl.") , ECF No. 33; (14) the defendants' Reply in Response to Plaintiff's Opposition to Defendants Van Pelt and Peters's Motion to Dismiss the Amended Complaint Pursuant to Rules 12(b)(2), 12(b)(5) and 12(b)(6) ("Van Pelt and Peters' Reply in Support of Mot. to Dismiss Am. Compl."), ECF No. 34; (15) the defendant's Reply in Response to Plaintiff's Opposition to Motion to Strike Plaintiff's Amended Complaint, or in the Alternative, Opposition to Motion for Leave to Amend ("Defs.' Reply in Support of Mot. to Strike Am. Compl."), ECF No. 35; (16) the

(continued . . .)

## I. BACKGROUND

### A. Factual Background

The plaintiff, "a Black woman, feminist advocate, and former candidate for National Vice President of NOW[,]" Compl. ¶ 1, alleges that she "was subjected to a campaign of racialized exclusion, character assassination, targeted harassment, and physical intimidation—all in retaliation for her candidacy, activism, and race[,]" id. ¶ 2. The plaintiff, who unsuccessfully ran to be the National Vice President of NOW in 2025, claims that she "experienced repeated acts of racism, harassment, and hostility by [the defendants] before, after and during the 2025 National Officer Election." Id. ¶ 9. Specifically, she alleges that she "was the subject of online ridicule, public name-calling, racial microaggressions, and overtly hostile comments." Id. ¶ 10. These allegedly hostile comments include "Triana is not one of us," "Triana and her goons," and "we have to protect OUR organization." Id. The plaintiff alleges that she also faced other "race-based insinuations[,]" but does not provide any other specific information to support the allegations. Id.

Additionally, the plaintiff alleges that she and her NOW running mate "faced a coordinated disinformation campaign" that included "false accusations, character defamation, and personal attacks based on race, appearance, transphobi[a] and political affiliation." Id. ¶ 11. Without identifying anyone in particular, the plaintiff claims that "[h]igh-ranking individuals, including past Presidents and Board Members, circulated racially charged emails, manipulated procedural rules, and failed to enforce decorum or protect Black women candidates and

(. . . continued)
Plaintiff's Response in Opposition to Defendants' Assertion that the Amended Complaint Was Improperly Filed and Futile ("Pl.'s Sur-reply in Opposition to Def.'s Mot. to Dismiss Am. Compl."), ECF No. 36; and (17) the plaintiff's Notice to the Court Regarding Retaliation and Interference, ECF No. 37.

members." Id. ¶ 12. The plaintiff also claims that she was "physically threatened at the July 12, 2025[] conference by white members, including being nearly struck with a microphone cord by Toni Van Pelt and Jerilyn Stapleton and chased through the venue" and that she was "assault[ed] by member Kobby Hoffman." Id. ¶ 13. Finally, the plaintiff alleges that "[t]he election process itself was compromised by voter database hacking, violations of credentialing rules, quorum manipulation, and unlawful certification by conflicted candidates." Id. ¶ 14.

**B. Procedural Background**

On August 15, 2025, the plaintiff filed her Complaint in the Superior Court of the District of Columbia. See generally Compl. On September 12, 2025, defendants NOW, Kim Villanueva, and Rose Brunache removed the case to this Court with the consent of defendants Beth Corbin, Judi Marraccini, Sharon Lockhart, and Laura Welch. Notice of Removal at 1, ECF No. 1. On September 18, 2025, defendants Kobby Hoffman, Jerilyn Stapleton, and Carolyn Maloney also consented to the removal of this lawsuit to this Court. See Statement of Consent to Removal at 1, ECF No. 6. On October 2, 2025, the plaintiff filed a motion for a default judgment against all defendants. See generally Plaintiff's Motion for Default Judgment, ECF No. 12.

On October 3, 2025, defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). See generally Defs.' Mot. to Dismiss Compl. The plaintiff filed a response in opposition to the motion to dismiss that same day, see generally Pl.'s Opp'n to Defs.' Mot. to Dismiss Compl., and these defendants filed their reply in support of their motion to dismiss on October 10, 2025, see generally Def.'s Reply in Support of

Mot. to Dismiss Compl. The plaintiff filed a sur-reply the next day. See generally Pl.'s Sur-reply to Defs.' Mot. to Dismiss Compl.

On October 16, 2025, defendants Toni Van Pelt and Crystal Peters separately moved to dismiss the Complaint. See Van Pelt and Peters's Mot. to Dismiss at 1. These two defendants argue, among other bases for dismissal, that they were never properly served with the Complaint. Id. The plaintiff responded in opposition to this motion to dismiss on October 17, 2025, see Pl.'s Opp'n to Van Pelt and Peters's Mot. to Dismiss at 1. Defendants Van Pelt and Peters filed their reply in support of their motion to dismiss on October 24, 2025, see Van Pelt and Peters' Reply in Support of Mot. to Dismiss, and, on November 3, 2025, the plaintiff filed a sur-reply, see Plaintiff Response to Defendant's Reply in Response to Plaintiff's Opposition to Defendants Van Pelt and Peters's Motion to Dismiss Complaint, ECF No. 28.

Also on November 3, 2025, before the Court ruled on the pending motions to dismiss, the plaintiff filed an Amended Complaint. See Am. Compl. The Amended Complaint is mostly identical to the original complaint, but includes additional claims regarding personal jurisdiction over the defendants and a sixth count alleging a "violation of grievance procedures, breach of duty of fair process, and self-dealing." Am. Compl. at ¶ 33–50. On November 17, 2025, Defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini moved to strike the Amended Complaint as untimely as to them because it was filed more than 21 days after they filed their motion to dismiss or, alternatively, to deny the plaintiff leave to amend her complaint for lack of good cause, futility, and undue prejudice. See generally Defs.' Mem. in Support of Mot. to Strike Am. Compl. Also on November 17, 2025, Defendants Van Pelt and Peters moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). See generally Van

Pelt and Peters' Mot. to Dismiss Am. Compl. The plaintiff filed oppositions to both motions on November 20, 2025, see generally Pl.'s Opp'n to Defs.' Mot. to Strike Am. Compl.; Pl.'s Opp'n to Van Pelt and Peters' Mot. to Dismiss Am. Compl., and the defendants filed replies in support of their motions on November 26, 2025, see generally Defs.' Reply in Support of Mot. to Strike Am. Compl.; Van Pelt and Peters' Reply in Support of Mot. to Dismiss Am. Compl. Finally, on December 9, 2025, the plaintiff filed a sur-reply in opposition to NOW's motion to dismiss. See generally Pl.'s Sur-reply in Opposition to Def.'s Mot. to Dismiss Am. Compl.

## II. STANDARDS OF REVIEW

### A. Motions to Dismiss Under Rule 12(b)(2)

When a defendant moves to dismiss a case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. See Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990); see also First Chi. Int'l v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988) ("[A] plaintiff must make a prima facie showing of the pertinent jurisdictional facts." (citations omitted)). Conclusory statements do not satisfy this burden. See GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (D.C. Cir. 2000) (citing First Chi. Int'l, 836 F.2d at 1378–79). Instead, there must be specific allegations connecting the defendant to the forum. See, e.g., Second Amend. Found. v. U.S. Conf. of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001). The plaintiff must also show "minimum contacts" between the defendant and the forum such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Because the Court is permitted to "consider material outside of the pleadings in ruling on a motion to dismiss for lack

of . . . personal jurisdiction," Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)), such information may be "bolstered by . . . affidavits and other written materials as [the plaintiff] can otherwise obtain," Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005). And, although the court need not accept the plaintiff's allegations bearing upon personal jurisdiction as true, see Associated Producers, Ltd. v. Vanderbilt Univ., 76 F. Supp. 3d 154, 161 (D.D.C. 2014), "factual discrepancies appearing in the record must be resolved in favor of the plaintiff," Crane, 894 F.2d at 456 (citation omitted).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Thus, in this case, the Court's exercise of personal jurisdiction must comport with District of Columbia law. GTE New Media Servs. Inc., 199 F.3d at 1347.

**B. Motions to Dismiss Under Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests whether a complaint has properly "state[d] a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012)

(internal quotation and citation omitted). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). Also, the Court need not "accept legal conclusions cast as factual allegations[,]" or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint[.]" Hettinga, 677 F.3d at 476. Finally, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

**C. Motions for Leave to File an Amended Complaint**

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave" to a party to amend his or her pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). When considering a motion for leave to amend, the Supreme Court has instructed federal courts to consider the following factors: (1) whether there has been undue delay in the filing of the motion; (2) whether the movant has acted with bad faith or dilatory motive; (3) whether there has been "repeated failures to cure deficiencies by amendments previously allowed"; (4) whether there would be undue prejudice to the opposing party by virtue of permitting an amendment; and (5) whether permitting the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). "The burden is on the defendant to show that leave to file an amended complaint should be denied." Afram. v. United Food & Com. Workers Unions & Participating Emps. Health & Welfare Fund, 958 F. Supp. 2d 275, 278 (D.D.C. 2013) (citing Smith v. Café Asia, 598 F. Supp. 2d 45, 48 (D.D.C. 2009)).

**D. Pro Se Complaints**

"A pro se complaint," such as the plaintiff's, "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, all factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a dispositive motion. See Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) (finding that the district court abused its discretion in failing to read all of the pro se litigant's filings together prior to dismissing the case). Nonetheless, "[a] pro se plaintiff[ ] must still adequately plead [his or her] complaint consistent with the edicts of Iqbal and Twombly." Yellen v. U.S. Bank Nat'l Ass'n, 301 F. Supp. 3d 43, 47 (D.D.C. 2018) (citing Atherton v. D.C. Office of Mayor, 567 F.3d 672, 682 (D.C. Cir. 2009)).

## III. ANALYSIS

The Court begins its analysis by assessing defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini's motion to dismiss the Complaint. The Court will then turn to the plaintiff's attempt to file the Amended Complaint, which was untimely as to defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini. Although the plaintiff did not request leave to file an Amended Complaint as to these defendants, because she is proceeding pro se, the Court will consider her attempt to file the Amended Complaint as a request for leave to amend her complaint and will therefore determine whether the plaintiff should be granted leave to do so. Finally, because the attempt to file the Amended Complaint was timely as to defendants Van Pelt and Peters, the Court will determine whether it must grant their motion to dismiss the Amended Complaint.

**A. Whether the Court Should Dismiss the Complaint as to Defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini**

Defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini argue that the Complaint as to them should be dismissed because (1) "the individual Defendants are not subject to personal jurisdiction in the District of Columbia," (2) "the individual Defendants are entitled to statutory immunity as non-profit volunteers under D.C. law," and (3) "in any event, the lawsuit utterly fails to allege any facts to support a claim against any [of these] Defendant[s]." Defs.' Mem. in Support of Mot. to Dismiss Compl. at 1. The Court will first determine whether it has personal jurisdiction over the individual defendants and, because the Court finds that it does not, will then assess whether the plaintiff has adequately pleaded a claim for relief against NOW.[4]

**1. Whether the Plaintiff Has Established Personal Jurisdiction Over the Individual Defendants**

Defendants Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini argue that they are not residents of the District of Columbia and that they do not have sufficient contacts with the District of Columbia for this Court to exercise personal jurisdiction over them. See Defs.' Mem. in Support of Mot. to Dismiss Compl. at 4–8.

Personal jurisdiction comes in two distinct forms: "(1) general, 'all purpose' adjudicatory authority to entertain a suit against a defendant without regard to the claim's relationship vel non to the defendant's forum-linked activity, and (2) specific jurisdiction to entertain controversies based on acts of a defendant that touch and concern the forum." Steinberg v. Int'l Criminal Police Org., 672 F.2d 927, 928 (D.C. Cir. 1981). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" Goodyear Dunlop Tires

[4] The Court will address these defendants' challenges to the Amended Complaint separately.

Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). An individual's domicile is determined by "(1) their physical presence in a state, and (2) their intent to remain there indefinitely." Tierny v. de Wet, 695 F. Supp. 3d 69, 84 (D.D.C. 2023). Here, in the case caption, the plaintiff identifies ten of the eleven individual defendants' addresses as "1100 H Street NW, Washington DC 20005." See Compl. at 1. The defendants explain that this is the address of NOW's national headquarters. Defs.' Mem. in Support of Mot. to Dismiss Compl. at 4. The plaintiff lists the remaining individual defendant, Crystal Peters, as having an address in Maryland. See Compl. at 2.

It is the plaintiff's burden to make a prima facie showing that the Court has jurisdiction over the defendants, but the plaintiff does not plead any "specific facts" to connect these individual defendants to this District. Conversely, these individual defendants have all provided affidavits to show that they are not domiciled in the District of Columbia. See Defs.' Mot. to Dismiss Compl. at Exhibits ("Exs.") A–I, ECF Nos. 14-3–14-11. Accordingly, the plaintiff has failed to meet her burden to establish this Court's authority to exercise general jurisdiction over any of these individual defendants.

The plaintiff has also failed to meet her burden to establish specific jurisdiction over these individual defendants. "To determine whether specific jurisdiction over a defendant exists, the Court looks to whether 'there [is] some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Tierney, 695 F. Supp. 3d at 86 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, (1985)) (alteration in original). As previously indicated, the Court's exercise of personal jurisdiction must comport with District of Columbia law, GTE New

Media Servs. Inc., 199 F.3d at 1347, and the applicable District of Columbia legal authority is D.C. Code § 13-423.

D.C. Code § 13-423(a) provides that:

> a District of Columbia Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's —
> (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; (5) having an interest in, using, or possessing real property in the District of Columbia . . . .

The Complaint alleged only that the "[the d]efendants maintain operations within this jurisdiction." Compl. ¶ 5. The individual defendants argue that this "vague allegation" is "nothing more than a legal conclusion that fails to establish any nexus between the individual Defendants, the District of Columbia, or her claims." Defs.' Mem. in Support of Mot. to Dismiss Compl. at 6. The plaintiff responds that "officers, directors, and board members who act on behalf of NOW are engaging in activities through a D.C.-based entity and are therefore subject to the jurisdiction of the District of Columbia courts." Pl.'s Opp'n to Defs.' Mot. to Dismiss Compl. at 5.

Although the District of Columbia's long-arm statute is "interpreted broadly and factual disputes are to be resolved in favor of the plaintiff," the plaintiff must nonetheless "allege some specific facts evidencing purposeful activity by the defendant in the District of Columbia by which it invoked the benefits and protections of the District's laws." Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 44 (D.D.C. 2003). The individual defendants are correct that the Complaint does not allege any specific activity that they purportedly committed within the

District of Columbia. Although the plaintiff alleges that she was "physically threated at the July 13, 2025 [NOW annual] conference[,]" Compl. ¶ 13, she does not meet her burden to establish that this altercation occurred within the District of Columbia and does not refute the defendants' claim that this conference was held in Las Vegas, Nevada, Defs.' Mem. in Support of Mot. to Dismiss Compl. at 6–7. Without any specific allegations tying these defendants to this forum, the Court must conclude that plaintiff has not met her burden to establish personal jurisdiction over defendants Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini pursuant to the District of Columbia's long-arm statute.

However, in the District of Columbia "under certain circumstances, individual defendants can fairly be haled into court based on actions they took on behalf of their business organization." Bronner v. Duggan, 249 F. Supp. 3d 27, 39 (D.D.C. 2017). In determining whether such personal jurisdiction exists, the Court does not use a "mechanical test," but must "weigh the facts of each case." Fam. Fed'n for World Peace v. Hyun Jin Moon, 129 A.3d 234, 243 (D.C. 2015).

Typically, in cases where courts have found personal jurisdiction over nonresidents based on their connection to a corporation, those individuals have engaged in some misconduct in the District of Columbia. See Tierney, 695 F. Supp. at 87 (collecting cases). But here, as already indicated, the Complaint is devoid of any specific allegations of misconduct by the defendants in the District of Columbia. The Court must therefore conclude that the individual defendants' association with NOW does not establish personal jurisdiction over them. Accordingly, the Court concludes that the Complaint must be dismissed as to Defendants Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini.

**2. Whether Complaint Adequately Pleaded a Claim Against Defendant NOW**

Defendant NOW does not dispute that it is subject to personal jurisdiction in the District of Columbia. It does, however, argue that none of the plaintiffs' purported causes of action adequately pleads a claim for relief. The Court will assess each claim in turn.[5]

**a. Whether the Plaintiff's Section 1981 Count Adequately States a Claim Against Defendant NOW**

The first cause of action against NOW alleges "race discrimination in a membership organization" in violation of 42 U.S.C. § 1981 and specifically claims that "[the defendants] denied [the p]laintiff the same rights and privileges as white members to engage in leadership, speech, and full participation in organizational activities on the basis of race" and that "[the p]laintiff was treated differently from similarly situated white members in violation of 42 U.S.C. § 1981." Compl. ¶¶ 16–19. Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a claim under Section 1981, the plaintiff must allege that "(1) [she] is a member of a racial minority; (2) the defendant[s] intended to discriminate against [her] on the basis of race; and (3) the discrimination concerned an activity enumerated in § 1981." Williams v. Fed. Nat. Mortg. Ass'n, No. 05-cv-1483 (JDB), 2006 WL 1774252, at *4 (D.D.C. June 26, 2006). Here, as defendant NOW argues, "[the p]laintiff does not allege that the organization, or anyone acting on behalf of the organization, engaged in any discriminatory acts against her concerning an activity enumerated in Section 1981." Defs.' Mem. in Support of Mot. to Dismiss Compl. at 14. And, even if the plaintiff had adequately

[5] The fourth count in both the Complaint and the Amended Complaint, "defamation," is brought only against the individual defendants. Compl. ¶¶ 25–26; Am. Compl. ¶¶ 28–29.

alleged that defendant NOW interfered with her right to "make and enforce contracts," she offers only conclusory allegations that any such interference was because of her race. Although the plaintiff alleges that she "experienced repeated acts of racism . . . by [the defendants] before, after and during the 2025 National Officer Election[,]" Compl. ¶ 9, and that she "was the subject of . . . racial microaggressions[,]" id. ¶ 10, she offers no specific facts and no other information from which the Court can even infer that the defendants intended to discriminate against her on the basis of race. Accordingly, the Court must find that the plaintiff has not adequately stated a claim against NOW for a violation of Section 1981. The Court will therefore dismiss Count One of the Complaint as to Defendant NOW.

**b. Whether the Plaintiff's Hostile Work Environment Claim Adequately States a Claim Against Defendant NOW**

The plaintiff's second cause of action alleges that the defendants "engaged in a pattern of harassing behavior that created a hostile and racially charged environment for [the p]laintiff." Id. ¶ 20. "To prevail on [a hostile work environment] claim, a plaintiff must show that [her] employer subjected [her] to 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Baloch v. Kempthorne, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). And, "[c]ourts in this jurisdiction have routinely held that hostile behavior, no matter how unjustified or egregious, cannot support a claim of hostile work environment unless there exists some linkage between the hostile behavior and the plaintiff's membership in a protected class." Na'im v. Clinton, 626 F. Supp. 2d 63, 73 (D.D.C. 2009) (collecting cases); see Kelley v. Billington, 370 F. Supp. 2d 151, 157 (D.D.C.

2005) ("Moreover, it must be clear that the hostile work environment was the result of discrimination based on a protected status.").

Here, the defendants argue that "[the p]laintiff wholly fails to allege that any Defendant supposedly engaged in any alleged racial harassment." Defs.' Mem. in Support of Mot. to Dismiss Compl. at 17. The plaintiff does not meaningfully respond to this argument, but instead merely repeats the barebones allegations in the Complaint that she was subjected to "a consistent patterns of racial hostility, including online ridicule, public name-calling, racial slurs, exclusion from decision-making, and targeted public humiliation." Pl.'s Opp'n to Defs.' Mot. to Dismiss Compl. at 9.

The Court must therefore agree with Defendant NOW that, to the extent the plaintiff has even alleged that she faced discrimination, she has failed to show that any such purported discrimination was rooted in racial or gender animus. See Lee v. McDonough, No. 22-cv-319 (RBW), 2024 WL 3858820, at *9 (D.D.C. Aug. 19, 2024) (Walton, J.). "[A] plaintiff 'must always prove that the conduct at issue was not merely tinged with offensive . . . connotations, but actually constituted discrimina[tion] because of' the employee's protected status[,]" Wright v. Lynch, 196 F. Supp. 3d 76, 84 (D.D.C. 2016) (first and second alterations in original) (quoting Oncale, 523 U.S. at 81), and her "failure to do so here is fatal to [her] hostile work environment claim[,]" Lee, 2024 WL 3858820, at *9. The Court must therefore dismiss Count Two of the Complaint as to Defendant NOW.

**c. Whether the Plaintiff's Intentional Infliction of Emotional Distress Claim Adequately States a Claim Against NOW**

In Count Three, the plaintiff alleges that "[the d]efendant's conduct—spanning false accusations, character defamation, threats of violence, and humiliation—was outrageous and

beyond all bounds of deceny[,]" and, as a result, "[the p]laintiff suffered severe mental anguish, humiliation, insomnia, and physical stress symptoms." Compl. ¶¶ 23–24. To state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate: "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" Bennett v. U.S. Chess Fed'n, 468 F. Supp. 2d 79, 90 (D.D.C. 2006) (citing Larijani v. Georgetown Univ., 791 A.2d 41, 44 (D.C. 2002)).

The defendants argue that "[the p]laintiff does not allege that any Defendant engaged in any conduct that would support an [intentional infliction of emotional distress] claim, let alone that the organization itself took any action against her whatsoever." Defs.' Mem. in Support of Mot. to Dismiss Compl. at 19. The Court agrees, and because it need not "accept legal conclusions cast as factual allegations[,]" or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint[[,]" Hettinga, 677 F.3d at 476, the Court must conclude that the plaintiff has not adequately pleaded an Intentional Infliction of Emotional Distress Claim. Accordingly, the Court must dismiss Count Three of the Complaint as to Defendant NOW.

**d. Whether the Plaintiff's Violation of Nonprofit's Duty to Members Claim Adequately States a Claim Against NOW**

The plaintiff also alleges that "[a]s a membership-based nonprofit, NOW owes fiduciary and ethical duties to its members, including equitable participation, transparency, and safe environments." Compl. ¶ 27. She claims that "NOW breached these duties by failing to prevent election interference, racial harassment, and by validating an illegitimate process." Id. ¶ 28. In support of this allegation, the plaintiff claims that "[o]ver 2,200 letters were sent by members requesting a fair election" and that NOW "[i]gnoring these communications: 1) [b]reaches the

fiduciary duty of loyalty and care owed by board members to the organization and its members[ and] 2) [d]emonstrates willful disregard for member concerns, which may constitute oppression of members under nonprofit corporate statutes." Id. ¶ 29. The defendants argue in response that the plaintiff's "conclusory allegation that NOW's status as a membership-based nonprofit organization means that the organization owes fiduciary and ethical duties" is legally inaccurate because "this Court has confirmed that a membership organization does not generally owe fiduciary duties to its members." Defs.' Mem. in Support of Mot. to Dismiss Compl. at 24 (citing Krukas v. AARP, Inc., 458 F. Supp. 3d 1, 10 (D.D.C. 2020)).

"A fiduciary relationship can . . . arise where the facts and circumstances show that the parties extended their relationship beyond the limits of contractual obligations" or ordinary business relations "to a relationship founded upon trust and confidence." Krukas, 458 F. Supp. at 8 (internal quotation and citation omitted); see also High v. McLean Fin. Corp., 659 F. Supp. 1561, 1568 (D.D.C. 1987) ("One characteristic that District of Columbia courts have traditionally looked for is a 'special confidential relationship' that transcends an ordinary business transaction and requires each party to act with the interests of the other in mind."). Here, however, the plaintiff has alleged only that she is a "longtime member, advocate, and Candidate for National Vice President in the 2025 national election of NOW" and "a former National Board member, former National Chair Global Feminism, former National Chair VAWA, and former Budget Committee member." Compl. ¶ 6. She has not alleged any type of contractual relationship with NOW, nor has she alleged anything about "the nature of the relationship [with NOW], the promises made, the types of services given and the legitimate expectations of the parties that could give rise to a fiduciary relationship." Heidi Aviation, LLC v. Jetcraft Corp., 573 F. Supp. 3d 182, 207 (D.D.C. 2021) (internal quotation and citation

omitted). Without any allegations of a "special relationship" with NOW, the mere fact that the plaintiff was a "longtime member" of NOW and the roles she has played as a member of the organization are insufficient to establish a fiduciary duty. The Court must therefore conclude that the plaintiff has not adequately pleaded a "violation of nonprofit duty to members" claim. Accordingly, the Court must dismiss Count Five of the Complaint as to Defendant NOW.

### B. Whether the Plaintiff Should Be Granted to Leave to Amend Her Complaint as to Defendants NOW and Defendants Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini

Federal Rule of Civil Procedure 15 provides that:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). As previously indicated, the plaintiff filed her Amended Complaint more than 21 days after defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini filed a responsive pleading. The plaintiff may therefore only amend her complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The defendants have not provided written consent, and the plaintiff has not requested the Court's leave to file the Amended Complaint. However, as indicated earlier, the Court construes the submission of the plaintiff's Amended Complaint as a request for leave to file the Amended Complaint.

To reiterate, a Court "should freely give leave" to a party to amend his or her pleading "when justice so requires." Id. Although the Court has discretion to grant or deny leave to amend, "[l]eave to amend a [pleading] should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson, 193 F.3d at 548–49 (citing Foman, 371 U.S. at 182). The rationale for this standard

is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, "motions to supplement should be denied where [an] amendment (or supplementation) would be futile." SAI v. Dep't of Homeland Sec., 149 F. Supp. 3d 99, 126 (D.D.C. 2015); see Foman, 371 U.S. at 182 (stating that "futility of amendment" is a permissible justification for denying a Rule 15(a) motion). "A motion to amend a complaint should be denied as futile if the complaint as amended could not survive a motion to dismiss." Petway v. Santander Consumer USA Inc., No. 22-cv-3100 (RBW), 2024 WL 3443765, at *3 (D.D.C. July 17, 2024) (Walton, J.) (internal brackets omitted) (quoting Black v. Nat'l Football League Players Ass'n, 87 F. Supp. 2d 1, 6 (D.D.C. 2000)).

Here, the proposed Amended Complaint is largely identical to the original Complaint. The primary differences are that the proposed Amended Complaint adds a paragraph with alleged additional justification for the exercise of personal jurisdiction over the defendants, Am Compl. ¶ 7, and includes a sixth cause of action for "violation of grievance procedures, breach of duty of fair process, and self-dealing[,]" id. ¶¶ 33–50. The plaintiff claims that "the amendments were necessary to correct factual matters, clarify legal claims, address issued raised by the [d]efendants themselves, and ensure a complete and accurate presentation of the case." Pl.'s Opp'n to Defs.' Mot. to Strike Am. Compl. at 3.

Defendants Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini primarily argue that granting the plaintiff leave to file her Amended Complaint would be futile because it still does not establish personal jurisdiction over them. See Defs.' Mot. to Dismiss Compl. at 4–8. Defendant NOW primarily argues that the Amended Complaint is futile because it still has not adequately pleaded a claim for relief against NOW.

**1. Whether the Additional Allegations in the Amended Complaint Establish Personal Jurisdiction Over the Individual Defendants**

The Complaint alleged only that the "[the d]efendants maintain operations within this jurisdiction." Compl. ¶ 5. The Amended Complaint adds a paragraph alleging that "[t]his Court has personal jurisdiction over the [d]efendants because they have purposefully directed their activities toward the District of Columbia, conducted business within this jurisdiction, or engaged in actions that caused harm or had substantial effects within this District[,]" Am. Compl. ¶ 7. The individual defendants argue that this new paragraph "simply contains legal conclusions about jurisdiction without any actual facts[,]" Defs.' Mem in Support of Mot. to Strike Am. Compl. at 7, and the plaintiff does not meaningfully respond to this argument, see generally Pl.'s Opp'n to Defs.' Mot. to Strike Am. Compl. The Court agrees with the defendants that this new paragraph is bereft of any factual basis upon which the Court could exercise personal jurisdiction over Defendants Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini. Accordingly, the Court must dismiss the Amended Complaint as to these defendants as futile.

**2. Whether the Claims Raised in the Complaint and Repeated in the Amended Complaint Are Futile**

A proposed amended complaint is futile if it would not survive a motion to dismiss. Hettinga, 677 F.3d at 480. Here, the first five counts of the Amended Complaint merely repeat the five counts of the original Complaint. Because the Court has already determined that those counts do not survive the defendants' motion to dismiss, the Court must conclude that those counts in the Amended Complaint are also futile.

**3. Whether the New Violation of Grievance Procedures, Breach of Duty of Fair Process, and Self-dealing Claim Is Futile**

The Amended Complaint includes a new cause of action which alleges that "Defendants Villanueva, Brunache, and other named parties called a special executive meeting on or about September 3, 2025, at which they . . . discussed and attempted to dismiss the grievance [which the plaintiff filed against them]." Am. Compl. ¶ 42. The plaintiff claims that this constitutes "self-dealing, a breach of fiduciary duty, and a violation of established nonprofit governance standards." Id. ¶ 43. The defendants argue in response that, to the extent this cause of action is alleged against NOW, it is futile "because it fails to allege any facts that would overcome the well-established judicial principle that courts should be reluctant to interfere in the internal affairs of voluntary membership organizations." Defs.' Mem. in Support of Mot. to Strike Am. Compl. at 16. The defendants recognize that "[t]here are limited occasions when courts may find it appropriate to insert themselves into an organization's internal affairs—such as when officers of an association act fraudulently or in bad faith," but argue that none of those concerns are present here where "[the p]laintiff makes [only the] conclusory allegation that the individual defendants caused NOW to not follow its bylaws and procedures because her grievance was dismissed." Id. at 16–17. As the defendants correctly argue, "the fact that [the p]laintiff's grievance was dismissed by NOW does not support an inference of impropriety or bad faith" and "[the p]laintiff does not even describe the nature of her grievance or why it would be subject to NOW's grievance procedure." Id. at 17. The plaintiff responds that "[her] claims are supported by detailed factual allegations concerning [the d]efendants' failure to follow established grievance procedures, suspension of rules, self-dealing, conflicts of interest, and improper dismissal of the grievance." Pl.'s Opp'n to Defs.' Mot. to Strike Am. Compl. ¶ II(A). Despite

her position to the contrary, the plaintiff has failed to provide "detailed factual allegations[,]" and her unsubstantiated and conclusory allegations are insufficient to support a cause of action. The Court therefore finds that the plaintiff's alleged "violation of grievance procedures, breach of duty of faire process, and self-dealing" claim in the Amended Complaint is futile because it does not adequately plead a claim for relief.

Accordingly, having concluded that the Amended Complaint does not provide a basis for the exercise of personal jurisdiction over the individual defendants and does not adequately plead a claim for relief against defendant NOW, the Court must grant defendants NOW, Villanueva, Brunache, Corbin, Welch, Hoffman, Lockhart, Stapleton, Maloney, and Marraccini's motion to strike the Amended Complaint.

### C. Whether the Court Should Dismiss the Amended Complaint as to Defendants Van Pelt and Peters

As indicated above, the plaintiff's attempt to file the Amended Complaint was timely as to Defendants Van Pelt and Peters.[6] These two defendants argue that the Amended Complaint should nonetheless be dismissed for a variety of reasons, including a lack of personal jurisdiction. See Van Pelt and Peters' Mot. to Dismiss Am. Compl. at 8–12. As previously indicated, the Amended Complaint alleges that "[t]his Court has personal jurisdiction over the [d]efendants because they have purposefully directed their activities toward the District of Columbia, conducted business within this jurisdiction, or engaged in actions that caused harm or had substantial effects within this District[,]" Am. Compl. ¶ 7.

Defendants Van Pelt and Peters argue that the Court lacks general personal jurisdiction over them because Defendant Van Pelt resides in Florida and Defendant Peters resides in

[6] Accordingly, on July 15, 2026, the Court dismissed Defendant Van Pelt and Peters' Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6). See Min. Order (July 15, 2026).

California. Van Pelt and Peters' Mem. in Support of Mot. to Dismiss Am. Compl. at 8; see also Van Pelt and Peters' Mot. to Dismiss Am. Compl. Ex. 1 Affidavit of Toni Van Pelt at 1–2, ECF No. 31-3; Van Pelt and Peters' Mot. to Dismiss Am. Compl. Ex. 2 Affidavit of Crystal Peters at 1, ECF No. 31-4. Defendants Van Pelt and Peters also argue that the Court lacks specific jurisdiction over them because "[s]imply put, the Amended Complaint is devoid of facts alleging that either Defendant [Van Pelt or Peters] engaged in any wrongful conduct at all, much less conduct that was wrongful or caused injury [to the plaintiff] in the District of Columbia." Van Pelt and Peters' Mem. in Support of Mot. to Dismiss Am. Compl. at 11.

The Court agrees with these defendants, and as previously indicated in regards to the other individual defendants, the Court must conclude that the plaintiff has not met her burden to establish personal jurisdiction over these defendants pursuant to the District of Columbia's long-arm statute because she has not made any specific allegations tying Defendants Van Pelt and Peters to this forum.

Accordingly, the Court must grant Defendants Van Pelt and Peters' motion to dismiss the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court must grant the Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(2) and 12(b)(6), ECF No. 14, grant the Defendants' Motion to Strike Plaintiff's Amended Complaint, or in the Alternative, Opposition to Motion for Leave to Amend, ECF No. 29, and grant Defendants Toni Van Pelt and Crystal Peters's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 30.

**SO ORDERED** this 8th day of October, 2026.[7]

REGGIE B. WALTON
United States District Judge

[7] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.